IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

v.

INSTITUTION OF DEPARTMENT OF
WORKFORCE DEVELOPMENT, UNEMPLOYMENT
INSURANCE COLLECTIONS—BENEFITS
OVERPAYMENT DEPT., ALL AUDITORS
JANE/JOHN DOE EMPLOYEES, ADDITIONAL
AUDITOR, STEVE FISHER CONSTRUCTION, INC.,
STEVE FISHER, EMPLOYEE PAYROLL CLERK,
ACCOUNTANT(S) BETWEEN 2020 TO 2023, ALL
JANE/JOHN DOES(S) CLAIM SPECIALIST
ADJUDICATORS, ALL JANE JOHN DOE(S) CLAIM
SPECIALIST; ADJUDICATORS, CITY OF
JANESVILLE POLICE DEPARTMENT EMPLOYEES
and CHIEF DAVID MOORE,

                Defendants.

OPINION and ORDER

23-cv-506-jdp

---

Plaintiff Timothy Lee Stewart, Sr., appearing without counsel, alleges that he was incorrectly denied unemployment benefits after an employer falsely reported that he failed to report to work during a particular reporting period. The court has allowed Stewart to proceed with this case without paying any portion of the filing fee. Dkt. 3.

The next step in this case is for me to screen Stewart's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by

lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the case for Stewart's failure to state a claim that can be heard in this court.

As with many of his filings in this court, Stewart's complaint is somewhat difficult to understand. But his focus is unemployment-benefit proceedings in which he was denied benefits after an adjudicator found that Stewart had failed to report to work. Stewart says that he indeed reported to work when asked but left after only five minutes after coming down with COVID-19 symptoms. He sues the Wisconsin Department of Workforce Development (DWD), various employees of that agency, the employer who reported his failure to report, and Janesville Police Department employees.

Generally, a plaintiff suing in federal court must show either that he is raising a federal claim, 28 U.S.C. § 1331, known as federal-question jurisdiction, or that he and the defendants are citizens of different states and that more than $75,000 is in controversy, 28 U.S.C. § 1332, known as diversity jurisdiction.

Stewart refers to Title VII of the Civil Rights Act of 1964 and First Amendment access-to-the-courts and Fourteenth Amendment equal protection "class of one" theories under federal law. But nothing in his allegations support a claim for relief under any of those theories.

Rather, his main concern is that unemployment-benefit adjudicators incorrectly ruled that he was ineligible for benefits. Wisconsin law establishes an administrative review process that a claimant may follow if he believes that his claim for unemployment compensation has been denied wrongfully. Wis. Stat. § 108.09(6). And if that appeal is unsuccessful, he may seek judicial review in *state* court. Wis. Stat. § 108.09(7). Stewart states that his appeals were denied as untimely. This federal court has no authority to review DWD's decisions about his benefits or the timeliness of his appeals.

Stewart also contends that his employer and other defendants defrauded him. But without a federal claim this court cannot consider a case involving purely state-law claims given that Stewart alleges that both he and at least some of the defendants are Wisconsin citizens.

Stewart names Janesville Police Department officials as defendants but they don't properly belong in this lawsuit: there is no plausible connection between them and the unemployment-benefit decisions at the core of Stewart's complaint, so I will not consider those defendants further.

The court of appeals has cautioned against dismissing an unrepresented plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But here, dismissal of the case is appropriate because I see no allegations suggesting that Stewart could amend his complaint to state a claim for relief in federal court.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. The clerk of court is directed to enter judgment for defendants and close the case.

Entered May 16, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge